FREDERICK GREENEMEYER

v.

JOHN H. DEPPE.

</div>

STRICT FORECLOSURE.—Although in some cases where it appears that the property is of less value than the debt, and the mortgagor is insolvent, and the mortgagee is willing to take the property in discharge of his debt, a strict foreclosure will be allowed; yet it ought not to be granted where there are other incumbrancers or creditors of the mortgagor.

APPEAL from the Circuit Court of Cass county; the Hon. CYRUS EPLER, Judge, presiding. Opinion filed June 29, 1880.

Mr. THOS. H. CARTER and Mr. H. G. WHITLOCK, for appellant; that the notes would draw interest at the rate of six per cent. only after maturity, cited Holden v. Freedman's Savings Bank, 11 Chicago Legal News, 144; Brewster v. Wakefield, 22 How. 118; Bunhizel v. Furman, 22 Wall. 170; Burns v. Anderson, 10 Cent. Law Jour. 257.

As to circumstances under which a strict foreclosure will be decreed: Sheldon v. Patterson, 55 Ill. 507; Warner v. Helm, 1 Gilm. 220; Johnson v. Donnell, 15 Ill. 97; Boyer v. Boyer, 89 Ill. 447; Weiner v. Heintz, 17 Ill. 259.

Messrs. KETCHAM & GRIDLEY, for appellee.

DAVIS, J. Appellee filed his bill in chancery to obtain a strict foreclosure.

The mortgage sought to be foreclosed was executed by appellant to appellee, on the first day of March, 1872, to secure a note of same date, for $1,500, payable two years after date, with interest at the rate of ten per cent. per annum from date, payable annually.

The only question necessary to be examined in this case is, whether the court below was justified in decreeing a strict foreclosure on the facts presented in the record.

At the time of the rendition of the decree the amount found due on the mortgage, was $1,768.01, and the further sum of $35, due appellee for taxes paid on the mortgaged premises.

The grounds set up in appellee's bill for the strict foreclosure prayed for, are, that appellant is wholly insolvent, and unable to redeem the land; that the premises are meagre and scant security for the sum due, and wholly insufficient to pay the same and costs.

In Farrell v. Parlier, 50 Ill. 275, it was held, that "in this state, and in view of our statute, it is only in strong cases which form exceptions, that there should be decreed strict foreclosure, or a sale without redemption.

"It may be in rare cases, when it appears the property is of less value than the debt for which it was mortgaged, and the mortgagor is insolvent, and the mortgagee is willing to take the property in discharge of his debt, that a strict foreclosure may be allowed. But it is not, as a general rule, proper when there are other incumbrances upon the property, or creditors or purchasers of the equity of redemption. The statute allowing redemption in such cases, intends to make the property pay as much of the mortgagor's debts as it is worth." Boyer v. Boyer, 89 Ill. 449.

The only evidence introduced to support the charge of insolvency is that of appellee, who testified on the hearing that appellant told him he was not able to redeem the land, and could not redeem it; that he only wanted one year longer to pay his other debts; that appellant owns a small house and lot in Beardstown, on which he lives with his wife and family; that

he has a team of horses, a wagon and two cows. What his "other debts" amount to, does not appear. This evidence fails to show that appellant is wholly insolvent and unable to pay his debts.

The evidence given to show that the property mortgaged is of less value than the debt, is somewhat conflicting, but rather preponderates in favor of the claim of appellant, that it is worth more than the debt due appellee. The weight of testimony is that the mortgaged premises are worth from $2,000 to $2,500.

We do not think the evidence shows one of those "strong" or "rare" cases which would justify a court of equity in granting a strict foreclosure.

The property is shown to be worth so much more than the debt, that it should be sold under an ordinary decree of foreclosure, so that an opportunity should at least be given to obtain for the property its true value, for the benefit of the owner and his creditors, after satisfying the claim of appellee.

Reversed and remanded.