Charles A. Laing et al. v. The People, for use of Robert P. Price and James E. Keith.

1. BILL OF SALE—*As Security a Mortgage, etc.*—A bill of sale given only as security and to furnish the means of payment, instead of being absolute payment, is in legal effect, a mortgage from which the grantors may redeem. And, where a bill of sale contained a condition that, if the makers failed to redeem, or there was a surplus, they could direct its disposition, *it was held,* that, giving such direction as to the surplus, in no wise affected the character of the instrument.

2. BILL OF SALE—*Security—Direction as to Surplus—Trust.*—Where a party indebted to another made him a bill of sale of property, it being understood and agreed between the parties to it, that after paying the debts for which it was given to pay, the surplus, if any, should be turned over to an attorney for the benefit of the creditors of the makers, *it was held,* that giving directions in regard to the disposition of the surplus in no wise affected the character of the instrument, nor did it change the property which the creditors in the bill of sale took for their own benefit, into a trust.

Memorandum.—Proceedings under the assignment act. In the County Court of Cook County; the Hon. GEORGE W. BROWN, Judge, presiding. Petition to have a transfer by bill of sale declared to be a general assignment for the benefit of creditors. Answer filed; trial by the court on report of master; decree for petitioners; defendants appeal. Heard at the

March term, 1893, of this court.  Reversed and remanded.  Opinion filed April 28, 1893.

The statement of facts is contained in the opinion of the court.

APPELLANTS' BRIEF, EDWIN C. CRAWFORD, ATTORNEY.

Appellants contended that the County Courts have no general chancery powers. None are conferred by the Assignment Act, Rev. Stat. Chap. 10. Preston et al. v. Spaulding et al., 120 Ill. 208; Ide v. Sayer et al., 129 Ill. 235.

A parol trust can not overcome the provisions of a written deed. Flint on Trusts and Trustees, Sec. 31; Dean v Dean, 6 Conn. 285.

A bill of sale, to become an assignment for the benefit of creditors generally, must contain words expressly creating a trust. Farwell v. Cohen (Ill.), 28 N. E. Rep. 35.

There is no such thing in Illinois as a constructive assignment. Farwell et al. v. Nilsson, 133 Ill. 45.

All members of a co-partnership must join in the act of assignment, or the same will not be an assignment for the benefit of all their creditors. Trumbull v. Union Trust Co., 33 Ill. App. 319; Stein v. LaDow, 13 Minn. 412; Holland v. Drake, 29 Ohio St. 441; Brooks v. Sullivan, 32 Wis. 444; Coleman v. Darling, 66 Wis. 155; Hook v. Stone, 34 Mo. 329.

A debtor in failing circumstances may prefer one creditor to another equally meritorious, if done in good faith. Schroeder v. Walsh, 120 Ill. 403; First Nat. Bk. Chicago v. North Wis. Lumber Co., 41 Ill. App. 392.

APPELLEES' BRIEF, CRATTY BROS. & JARVIS, ATTORNEYS.

A trust in personalty may be created and proved by parol evidence. Statute of Frauds, S. & C., Ch. 59, Sec. 9; Nab v. Nab, 10 Mod. 404; Cook v. Fountain, 3 Swanst. 585; McFadden v. Jenkyns, 1 Hare 458; 1 Phill. 153; 2 Story Eq. Jur. 13th Ed., Sec. 972, p. 271; Brown Statute of Frauds, 4th Ed., Sec. 82, p. 92; 1 Perry on Trusts, 3d Ed., Sec. 86, p. 75; Burrill on Assts., 3d Ed., Sec. 239, pp. 323–324; Boyden v. Moore, 11 Pick. 362; Davis v. Coburn, 128 Mass. 377;

Gerrish v. Inst. for Savings, 128 Mass. 159, 167; Chace v. Chapin, 130 Mass. 123; Kirkpatrick v. Davidson, 2 Kelly (Ga.) 299; Gordon v. Green, 10 Ga. 534; Kimball v. Morton, 1 Halsted (5 N. J. Chan.) 26, 31; Hooker v. Holmes, 3 Stockt. 11 N. J. Eq. 122, 124; Pitney v. Bolton (N. J.), 18 Atl. Rep. 211; Day v. Roth, 18 N. Y. 488, 453.

A transfer by an insolvent debtor of the whole or a part of his property in trust for the benefit of his creditors constitutes a voluntary assignment. Farwell v. Cohen, 138 Ill. 216; Fuller & Fuller Co. v. McHenry (Wis.), 53 N. W. Rep. 897.

The declaration of trust need not be contained in the instrument by which the transfer is made. Burrill on Assts., 3d Ed., Sec. 239, 323; Fuller & Fuller Co. v. McHenry (Wis.), 53 N. W. Rep.

Parol evidence is competent to show the trust upon which a bill of sale, absolute upon its face, is given. Ewaldt v. Farlow, 62 Ia. 212; National Ins. Co. v. Webster, 83 Ill. 470; Browne on Parol Evidence, p. 137, Sec. 15.

When an assignment for the benefit of creditors has in fact been made, though not acknowledged and recorded as the statute directs, the County Court will seize the property and administer the estate, setting aside preferences, and removing the assignee if he is an improper person. Farwell v. Cohen, 138 Ill. 216.

OPINION OF THE COURT, GARY, P. J.

Isaiah F. Laing and George Laing were second cousins, and partners, as merchants, under the name of I. F. Laing & Co. They became indebted to Charles A. Laing and his son, John H., brother and nephew of George, and to pay them, made a bill of sale to them of all the property of the firm.

Robert P. Price and James E. Keith were creditors of I. F. Laing & Co., and filed in the County Court a petition to have that bill of sale declared to be an assignment for the benefit of creditors. upon the allegation that at the time of the execution of the bill of sale it was understood and agreed

between the parties to it that after paying the debts which it was given to pay, "the surplus, if any, should be turned over to the attorney of said Laings for the benefit of other creditors of said Isaiah F. and George Laing."

It is now disputed between the parties to this suit, whether the evidence proves the allegation quoted or not; and it makes no difference which is right on that matter of fact. If the bill of sale was given only as security, and to furnish a means of payment, instead of an absolute payment, then it was a mortgage from which the grantors might redeem, and if they did not redeem and there was a surplus, they could direct its disposition. Giving such direction in no way affects the character of the instrument. It does not charge the body of the property, which the appellants took for their own benefit, with any trust.

We have been over this subject at such length in First Nat. Bk. v. North Wis. Lumber Co., 41 Ill. App. 383, that it is sufficient to refer to that case as authority for reversing this decree, declaring the bill of sale to be an assignment.

The decree is reversed and the cause remanded to the County Court with directions to dismiss the petition at the cost of said Price and Keith, of whom the appellants will also recover their costs in this court.