ROBERT P. PRICE et al.

v.

CHARLES A. LAING et al.

*Filed at Ottawa October 29, 1894.*

1. VOLUNTARY ASSIGNMENTS—*must be in writing, and declare a trust.* Under the act of 1877 a voluntary assignment of an insolvent debtor can only be made by an instrument in writing, which instrument must, in addition to the conveyance of property, declare a trust for the benefit of creditors.

2. SAME—*cannot be constructive under our statute.* While the general rule is, that a trust in personal property may be created and proved by parol, yet under the act of 1877 there can be no such thing as a constructive assignment for the benefit of creditors.

3. SAME—*county court's jurisdiction—how acquired.* Before the county court can acquire jurisdiction over an insolvent estate an actual assignment must be made.

4. SAME—*bill of sale not an assignment.* A bill of sale by an insolvent partnership of its entire property to certain large creditors, containing no declaration of trust for the benefit of other creditors, is not an assignment.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the County Court of Cook county; the Hon. GEORGE W. BROWN, Judge, presiding.

Messrs. CRATTY BROS. & JARVIS, for the appellants :

A trust in personalty may be created and proved by parol evidence. Starr & Curtis' Stat. chap. 59, sec. 9 ; *Nab* v. *Nab*, 10 Mod. 404 ; *Cook* v. *Fountain*, 3 Swanst. 585 ; *McFadden* v. *Jenkyns*, 1 Hare, 458 ; 1 Phill. 153 ; 2 Story's Eq. Jur. (13th ed.) sec. 972, p. 271 ; Browne on Statute of Frauds, (4th ed.) sec. 82, p. 92 ; 1 Perry on Trusts, (3d ed.) sec. 86, pp. 75, 76 ; Burrill on Assignments, (3d ed.) sec. 239, pp. 323, 324 ; *Boyden* v. *Moore*, 11 Pick. 362 ; *Davis* v. *Coburn*, 128 Mass. 377 ; *Gerrish* v. *Inst. for Savings*, id. 150 ; *Chase* v. *Chapin*, 130 id. 128 ; *Gordon* v. *Green*, 10 Ga. 534 ; *Kimball* v. *Morton*, 1 Halst. (5 N. J. Ch.) 26 ; *Hooker* v. *Holmes*, 3 Stockt. (11 N. J. Eq.) 122 ; *Day* v. *Roth*, 18 N. Y. 448 ; *Kirkpatrick* v. *Davidson*, 2 Kelly, (Ga.) 299.

A transfer by an insolvent debtor of the whole or a part of his property, in trust, for the benefit of his creditors, constitutes a voluntary assignment. *Farwell* v. *Cohen*, 138 Ill. 216.

The declaration of trust need not be contained in the instrument by which the transfer is made. Burrill on Assignments, sec. 239, pp. 323, 324.

Parol evidence is competent to show the trust upon which a bill of sale, absolute upon its face, is given. *Ewaldt* v. *Farlow*, 62 Iowa, 212; *Insurance Co.* v. *Webster*, 83 Ill. 470 ; Browne on Parol Evidence, p. 137, sec. 15.

When an assignment for the benefit of creditors has in fact been made, though not acknowledged and recorded as the statute directs, the county court will seize the property and administer the estate, setting aside preferences, and removing the assignee if he is an improper person. *Farwell* v. *Cohen*, 138 Ill. 216.

Mr. EDWIN C. CRAWFORD, for the appellees :

That county courts in this State have no general chancery powers must be admitted. That none are conferred by the Assignment act (Rev. Stat. chap. 10,) is settled by *Preston* v. *Spaulding*, 120 Ill. 208, and *Ide* v. *Sayer*, 129 id. 235.

A parol trust cannot overcome the provisions of a written deed. Flint on Trusts and Trustees, sec. 31; *Dean* v. *Dean*, 6 Conn. 285.

A bill of sale, to become an assignment for the benefit of creditors generally, must contain words expressly creating a trust. *Farwell* v. *Cohen*, 138 Ill. 216.

There is no such thing, under Illinois law, as a constructive assignment. *Farwell* v. *Nilsson*, 133 Ill. 45.

All members of a co-partnership must join in the act of assignment, or the same will not be an assignment for the benefit of all their creditors. *Trumbull* v. *Union Trust Co.* 33 Ill. App. 319 ; *Stein* v. *LaDow*, 13 Minn. 412; *Holland* v. *Drake*, 29 Ohio St. 441; *Brooks* v. *Sullivan*, 32 Wis. 444; *Coleman* v. *Darling*, 66 id. 155 ; *Hook* v. *Stone*, 34 Mo. 329.

A debtor in failing circumstances may prefer one creditor to another equally meritorious, if done in good faith. *Schroeder* v. *Walsh,* 120 Ill. 403; *Bank* v. *North Wisconsin Lumber Co.* 41 Ill. App. 392.

Mr. JUSTICE BAKER delivered the opinion of the court:

Isaiah F. Laing and George Laing were partners, as merchants, under the firm name of I. F. Laing & Co., and were doing business at 229 South Water street, Chicago. They were indebted to Charles A. Laing, brother of George, in the sum of $9925.38, and to John H. Laing, son of Charles A. and nephew of George, in the sum of $2300. The firm became insolvent and unable to continue business. Late in the day of July 5, 1892, I. F. Laing & Co. executed and delivered to Charles A. and John H. Laing a bill of sale conveying to them, for the expressed consideration of $12,200, all the property of the firm, and Charles A. and John H. Laing surrendered the notes which they held for the two sums first above mentioned. The next morning Charles A. and John H. took possession of the property, and began to do business under the name of C. A. Laing & Son.

Robert P. Price and James E. Keith were creditors of I. F. Laing & Co., and filed in the county court of Cook county a petition to have the bill of sale declared to be an assignment for the benefit of creditors, upon the allegation that at the time of the execution of the bill of sale it was understood and agreed between the parties to it, that after paying the debts which it was given to pay, then "the surplus, if any, should be turned over to the attorney of said Laings for the benefit of other creditors of said Isaiah F. and George Laing." It is now a matter of dispute between the parties to this litigation whether the evidence proves such allegation. But in the view we take of the case it is unnecessary to determine that dispute.

The county court entered an order finding that I. F. Laing & Co. had made a voluntary assignment for the benefit of their creditors, and removing Charles A. Laing and John H. Laing as assignees, and appointing Mathew P. Gilbert as assignee, and directing him to take immediate possession of the property. On appeal to the Appellate Court this order and decree was reversed and the cause was remanded, with directions to dismiss the petition at the cost of Price and Keith, whereupon Price and Keith prosecuted this appeal to this court.

In *Weber* v. *Mick et al.* 131 Ill. 520, this court said, in substance, that at the time the Voluntary Assignment act of 1877 was passed, and for many years before, voluntary assignments for the benefit of creditors constituted a class of conveyances or transfers of property well known in this and other States, and were as precisely and definitely known by that name as were any of the other classes of instruments by which property may be conveyed or transferred, such as deeds of conveyance of real property or chattel mortgages, and that such assignments have always been understood to be instruments, voluntarily executed by failing debtors, by which they assign to some person, as assignee or trustee, the whole, or sometimes the bulk, of their property, to be by such assignee or trustee distributed among the assignor's creditors in satisfaction of their demands.

In Burrill on Assignments, chap. 9, it is said that every assignment in trust may be considered as composed of two principal parts,—a transfer, and a trust or trusts; and also said, that in general assignments made by insolvent debtors a writing of some kind is always required, not only as a security against fraud and collusion, but as a necessary means of giving effect to the assignments themselves, and further said, that in some cases very informal writings have been pronounced sufficient as assignments. Like doctrine is announced in 1 Am. & Eng. Ency. of Law, pp. 855, 856.

In *Farwell* v. *Cohen*, 138 Ill. 216, a very informal written instrument was held to be a voluntary assignment for the benefit of creditors. It, however, transferred property and declared a trust.

In *Schuylkill Bank* v. *Reigart*, 4 Pa. St. 477, a deed of absolute conveyance and ·a declaration of trust, in separate instruments, were held to be one assignment. See, also, *Shubar* v. *Winding*, 1 Cheve's Law, 218, *Hall* v. *Marston*, 17 Mass. 575, and *Johnson* v. *Whitwell*, 7 Pick. 71.

In *Farwell* v. *Nilsson*, 133 Ill. 45, this court said that the act of 1877 contemplates no such thing as a constructive assignment, and that before the county court gets jurisdiction, an actual assignment must be made; and further said, that "there must be the execution of an instrument, in whatever form, which creates a trust for the benefit of creditors." And in *Farwell* v. *Cohen*, 138 Ill. 216, we said that an assignment already made is a preliminary requisite to the exercise of any jurisdiction whatever by the county court, and that the sole power of that court is to supervise and regulate the administration of a trust previously created by the act of the assignor.

But it is urged by appellants that a trust in personal property may be created and proved by parol evidence, and a long list of authorities is cited as sustaining that proposition. We have no question that the general doctrine is as stated. That rule, however, is not decisive of the point here at issue.· As we have already seen, the general rule is, that the voluntary assignment of an insolvent debtor for the benefit of his creditors is required to be contained in a writing of some kind; and, as already stated, we said in the *Nilsson case, supra,* "there must be the execution of an instrument, in whatever form, which· creates a trust for the benefit of creditors." And moreover, the act itself contemplates an assignment in writing, only. This must be so, for it makes provision for an inventory of property and a list of creditors to be annexed to the assignment, and also makes provision for the ac-

knowledgment and recording of the assignment. And it is immaterial whether these provisions are regarded as directory or mandatory, because the fact that the assignment is spoken of in the act as an instrument that may be acknowledged and recorded, and have an inventory of property and a list of creditors annexed to it, shows that it must necessarily be in writing.

The declaration of trust is as much an essential part of an assignment for the benefit of creditors as is the conveyance or transfer of property. It, of course, needs no citation of authorities to show that the title to personal property, goods and chattels may be transferred by parol and without any writing, and may be proved by oral testimony. The claim and the logic of appellants would lead to this result : that a writing is not essential to establish either the transfer of title or the declaration of trust, and therefore neither is a prerequisite to a valid assignment for the benefit of creditors, and such an assignment may rest wholly in parol. A result such as this is not in consonance with the common understanding and practice in the mercantile and business community, with the doctrine laid down in the books, with the adjudged cases, or with the evident intent of the legislature as indicated by the provisions of the act.

The act contemplates no such thing as a constructive assignment. It was so said in the *Nilsson case* and in other cases. The words "constructive assignment" signify this : that in the absence of a deed, instrument or writing transferring property to a person or persons, in trust, for the benefit of creditors, the court, upon proof of certain acts, declarations and admissions, or other matters in proof, will deduce therefrom a conclusion that an assignment for the benefit of creditors was intended, and out of the facts so proven make and construct for the parties an assignment which the parties never made for themselves. For example : in the case at bar I. F. Laing & Co., in consideration and in payment of an in-

debtedness due from them to Charles A. and John H. Laing, made to them an absolute bill of sale of goods and chattels, and delivered possession, and pending the negotiations George Laing said to Charles A., "I know all you folks want is what we actually owe you," and Charles A. answered, "Yes; all we expect to get is what you owe us, and we would be perfectly willing to pay over the surplus;" and shortly afterwards George said to John H. that he hoped the business would turn out better than was expected, and that there would be a surplus over and above the indebtedness due them, which he was satisfied they (Charles A. and John H.) would be willing to turn over to the creditors; and John H. made like answer to that which had been made by his father. If there was any assignment here for the benefit of creditors, it was plainly a constructive assignment, and we must adhere to what we have heretofore said,—that such an assignment is not within the statute.

Appellants seem to place reliance upon the case of *Farwell* v. *Cohen, supra.* That case was quite different from this. There the assignment was by deed, and a trust for the benefit of creditors was declared therein in direct and express language, and we there declined to consider, because not involved in the case, the question whether a parol assignment of property, or a constructive voluntary assignment of property for the benefit of creditors, is a voluntary assignment of property for the benefit of creditors, within the contemplation of the Assignment act.

It results from the views we have expressed that the judgment of the Appellate Court must be affirmed, and it is so ordered.

*Judgment affirmed.*