## Union National Bank of Chicago v. The Browne-Chapin Lumber Company et al.

59 423
59 334
59 346
59 414
59 423
159s 458

1. APPELLATE COURT—*Jurisdiction.*—The Appellate Court has jurisdiction of appeals from the County Court in cases arising under the act concerning assignments for the benefit of creditors.

2. ASSIGNMENT FOR THE BENEFIT OF CREDITORS—*Form Immaterial.*— The mere form of an assignment is immaterial, provided the operation of it is to create a trust in the property conveyed for the benefit of creditors.

3. PAROL EVIDENCE—*Not Competent to Attach a Trust to Property, etc.*—Parol evidence is incompetent to attach a trust to property when the matter at issue is whether there has been made an assignment for the benefit of creditors, to be administered under the statute and the direction of the County Court.

**Ass'gnment for the Benefit of Creditors.**—Appeal from the County Court of Cook County; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the March term, 1895. Reversed and remanded. Opinion filed July 5, 1895.

TENNEY, McCONNELL & COFFEEN, attorneys for appellant.

E. H. GARY and HOPKINS, ALDRICH & THATCHER, attorneys for appellees.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellees move to dismiss this appeal on the authority of Stivers v. People, 38 N. E. 574, and Ottinger v. Specht, 38 N. E. 929, neither of which cases can we find in the authorized series of the State reports. That opinions such as are contained in the N. E. Rep. were filed, we are not at liberty to disbelieve nor can we deny their applicability to this case. Yet the jurisdiction of this court of appeals from the County Court, in cases arising under the act concerning " Assignments for benefit of creditors " was so deliberately asserted upon a rehearing in Union Trust Co. v. Trumbull, 137 Ill. 146, and reiterated in Heizelman v. Schrader, 150 Ill. 227, and recognized in very numerous other cases, among which may be mentioned Price v. Laing, 152 Ill. 380, in which the opinion was filed seven days after that in the case first cited, and on the same day with that in the case next cited, and in which the judgment of this court, reversing a judgment of the County Court declaring a bill of sale to be such an assignment, was affirmed, and Knapstein v. Tennette, the opinion of the Supreme Court in which was filed but a month ago, affirming the judgment of this court rendered on the 25th of February last, on such an appeal, that we are constrained to go on and finish up the business of this term without further delay. We had hoped that the uncertainty might be removed .

before it would be necessary for us to proceed—as we now do—in the exercise of the jurisdiction so long entertained over such appeals.

This case can not be distinguished in principle from First Nat. Bank v. North Wis. Lumber Co., 41 Ill. App. 383, Laing v. People, 50 Ill. App. 324, which is the same case as Price v. Laing, before cited, and Walker v. Ross, 150 Ill. 50, where the opinion of Judge Pleasants of the third district, approving our decision in 41 Ill. App. 383, is adopted as the opinion of the Supreme Court. In adopting Judge Pleasants' opinion it adopted the sentences: "The mere form of the instrument is no doubt immaterial, provided the operation of it is to create a trust in the property conveyed, for the benefit of creditors. It must be an actual trust, created by operation of the instrument itself."

And in Price v. Laing, 152 Ill. 380, rebutting the proposition of the appellants that a trust, to convert a bill of sale into an assignment, might be proved by parol, the Supreme Court in language of its own choosing says: "The declaration of trust is as much an essential part of an assignment for the benefit of creditors as is the conveyance or transfer of property."

The sentences thus quoted have anticipated and refuted all the arguments of the appellees here that objects and purposes not shown by the instruments executed were in contemplation.

The facts in this case are that the appellees filed in the County Court a petition to have assignments given by one Barker to the appellant, declared to be an assignment for the benefit of creditors under the statute, with the consequence that the assets would be administered for the equal benefit of all creditors. Those assignments were two—in form absolute—conveying to the appellant all debts, etc., belonging to him, the proceeds to be applied to the payment of his indebtedness to the appellant, and the surplus to be returned to him. It appears that such indebtedness was about $400,000. About half of it was transferred to one Perkins, who gave notes to the appellant for it. This was

done for the purpose of not giving publicity to the fact that the appellant had so many eggs in one basket.

Then Barker made several chattel mortgages, in common form, to Perkins, to secure the payment of the indebtedness so transferred to Perkins. The appellant took the administration of the whole business to itself, Perkins having no actual interest.

It thus appears that the appellant was the real party in interest in the whole business. That, however, is a question of fact. The question of law is on the effort of the appellees to prove, by parol, that in fact the appellant was to devote some portion of the proceeds of the assets to the relief of other creditors of Barker, which we hold to be not pertinent.

Parol evidence is incompetent to attach a trust to property when the matter at issue is whether there has been made an assignment for the benefit of creditors, to be administered under the statute, and the direction of the County Court.

The judgment of the County Court is reversed and the cause remanded, with directions to that court to dismiss the petition of the appellees at their costs.