## B. Baer & Co. et al. v. John V. Farwell Co. et al.

1. ASSIGNMENTS FOR THE BENEFIT OF CREDITORS—*Requisites of a Legal Assignment.*—In an assignment for the benefit of creditors there must be a trustee, and therefore the conveyance must be to a third party, or if it be to a creditor, it must provide for the payment of the claims of other creditors besides the assignee.

2. SAME—*Instruments Held not to be Assignments.*—Where a merchant, finding himself largely indebted, mortgaged certain tracts of real estate to certain of his creditors, and conveyed his stock of merchandise and his accounts and account books, together with the fixtures in his store, to eight of his creditors to have and to hold the same upon the express condition that they would take possession of the goods and sell the same, collect the accounts and pay out of the proceeds the expenses incurred in so doing, and the amounts due the grantees, and then to pay to the grantors the balance, if any, remaining in their hands, *it was held* that the instruments did not constitute an assignment for the benefit of creditors.

3. SAME—*Object of a Voluntary Assignment.*—The object of the voluntary assignment law is to give a failing debtor an opportunity to put his property into the hands of a trustee for equal distribution among his creditors.

4. SAME—*A Debtor can not be Compelled to Make an Assignment.*—The creditors of an insolvent debtor can not compel him to make an assignment; the assignment must be voluntary; that is, the debtor must be willing to assign.

5. SAME—*What an Insolvent Debtor may do—Power of the County Court.*—Instead of being willing to assign, the debtor may decide to prefer certain creditors or permit them to help themselves through the instrumentality of executions and attachments. If he does not will to assign but undertakes to defraud his creditors, or some of them, equity may hold the fraudulent grantee as a trustee, or the creditors may attach the property; but there is no power in the County Court to declare the transaction an assignment for the benefit of creditors.

6. FRAUDULENT CONVEYANCES—*Not Constructive Assignments.*—A fraudulent conveyance where the grantor has not sought to make an assignment for the benefit of his creditors and has made no declaration of trust, may be a ground for an attachment or for a bill in equity to set it aside and hold the fraudulent grantee accountable for the property as a trustee, but it can not be called a voluntary assignment.

**Petition,** to have certain instruments declared an assignment for the benefit of creditors. Error to the County Court of Massac County; the Hon. GEORGE SAWYER, Judge, presiding. Heard in this court at the February term, 1896. Reversed and remanded with directions. Opinion filed September 5, 1896.

Lansden & Leek and C. L. V. Mulkey, attorneys for plaintiffs in error.

Assignments are of two kinds, being either directly to creditors, or to trustees for their benefit. Assignments of the latter description are termed voluntary assignments. They imply a trust, and contemplate the intervention of a trustee. Assignments directly to creditors, and not upon trusts, are not voluntary assignments. Burrill on Assignments, Secs. 2, 3.

Absolute conveyances made directly to the creditor, or any form of lien so given as security for the payment of a *bona fide* debt, though having the effect to give him a preference, is not an assignment for the benefit of creditors, within the meaning of the statute. Walker v. Ross, 150 Ill. 50.

It has been repeatedly decided by this court that a transfer of property, to be treated as a voluntary assignment, must be a conveyance to an assignee in trust for the creditors, and that a conceyance or transfer of property by an insolvent directly to his creditor for the purpose of securing or providing the means for the payment of that creditor only, is not a voluntary assignment. Peterson v. Brabrook Tailoring Co., 150 Ill. 294.

A bill of sale by an insolvent partnership of its entire property to certain large creditors, containing no declaration of trust for the benefit of other creditors, was held to be no assignment. Price v. Laing, 152 Ill. 380.

An assignment by an insolvent debtor of all his personal property, made directly to a creditor, reserving the surplus, if any, is in effect a chattel mortgage and not a voluntary assignment for the benefit of creditors. Dunham v. Whitehead, 24 N. Y. 131; Leitch v. Hollister, 4 N. Y. 211; Chaffees v. Risk, 24 Penn. St. 432; Claflin v. Maglaughlin, 65 Penn. St. 492; Davidson v. King, 47 Ind. 372; Peck v. Merrill, 26 Vt. 686; Godchaux v. Mulford, 26 Cal. 318; Gage v. Chesebro, 49 Wis. 486.

A mortgage given to two persons to secure their several demands is several and not joint; such a mortgage does not constitute the mortgagees trustees one for another. Bur-

nett v. Pratt, 22 Pick. 556; Jones on Mort., Vol. 1, Sec. 135; Leitch v. Hollister, 4 N. Y. 211; Walker v. Ross, 150 Ill. 50.

A constructive trust is said to arise in favor of judgment creditors with respect to the property of their debtors, which has been transferred with intent to defraud the creditors of their rights. The trust is in reality one in name alone; the creditor's right to reach the debtor's property is in no true sense an interest in that property; it is at most only an equitable lien on the property. 2 Pomeroy's Jurisprudence, Sec. 1057.

HARVEY A. EVANS and JAMES C. COURTNEY, attorneys for defendants in error; J. F. McCARTNEY, D. W. HELM and L. P. OAKES, of counsel.

An assignment for the benefit of creditors is a voluntary transfer by a failing debtor of all or the bulk of his property to an assignee in trust, to apply the same to the payment of some or all of the assignor's debts. Farwell v. Cohen, 138 Ill. 216.

The assignee of a voluntary assignment does not take the property absolutely. He takes the property charged as trustee. The operation of the instrument in such case is to create a trust in the third person in favor of *bona fide* creditors. This doctrine is forcibly expressed by the Supreme Court in the case of Atlas Bank v. Moore, 152 Ill. 528, where it is said: If others than *bona fide* creditors come in possession of property of an insolvent, they hold it charged with a trust in favor of *bona fide* creditors. This doctrine is forcibly expressed in the case of Dewey v. Moyer, 72 N. Y. 70. To the same effect are the cases of Day v. Cooley, 118 Mass. 524; National Trust Co. v. Miller, 33 N. J. Eq. 155; Coleman v. Cocke, 6 Rand. 618; Godding v. Bracket, 34 Me. 27; and see Bump on Fraudulent Conveyances, 265.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

B. Baer & Co., merchants, finding themselves largely in-

debted, mortgaged certain tracts of real estate to certain of their creditors, and conveyed their stock of merchandise and their accounts and account books, together with the fixtures in their store, to eight of their creditors, to have and to hold the same upon the express condition that they would take possession of the goods and sell the same, and collect the accounts, and pay out of the proceeds the expenses incurred in so doing and the amounts due to the grantees, and then pay to the grantors the balance, if any, remaining in their hands.

The other creditors of B. Baer & Co. filed a petition in the County Court to have these instruments declared to be an assignment for the benefit of creditors under the voluntary assignment act, and the court made an order in conformity with the prayer of the petition, and proceeded to administer the estate in accordance with the provisions of the statute.

B. Baer & Co. and the grantees in said instruments have brought the case to this court by a writ of error, and now ask for a reversal of the order of the County Court.

It is admitted by counsel for defendants in error that a conveyance made in good faith to certain creditors to pay the amounts due them, is not a voluntary assignment, under the statute. Burrill on Assignments, Sections 2 and 3; Weber v. Mick, 131 Ill. 520; Walker v. Ross, 150 Id. 50; Price v. Laing, 152 Id. 380.

In an assignment for the benefit of creditors there must be a trustee, and therefore the conveyance must be to a third party, or, if it be to a creditor, it must provide for the payment of the claim of other creditors besides the grantee.

This being the law, the said instruments do not constitute an assignment for the benefit of creditors. The conveyance is to the grantees for their own exclusive benefit, and the grantees can not be trustees for themselves.

But it is said that four of the grantees in the conveyance of the personal property are not *bona fide* creditors of B. Baer & Co., and that in such case they are really third parties, and should be declared to hold the property in

trust for the benefit of creditors generally. Thus, by operation or construction of law, a fraudulent deed to a fraudulent grantee is to be transmuted into the pure metal of a voluntary assignment for the benefit of creditors.

There can be no doubt that such a fraudulent conveyance would be ground for an attachment, or for a bill in equity to set aside the conveyance and to hold the fraudulent grantee accountable for the property as a trustee. But that a constructive trust of this nature should be called a voluntary assignment, when the grantor has not sought to make such an assignment, and has made no declaration of trust, is a proposition which can not be maintained by reason or authority.

The object of the voluntary assignment law is to give a failing debtor an opportunity to put his property into the hands of a trustee for equal distribution among his creditors. But the debtor's creditors can not compel him to make an assignment. The assignment must be voluntary —that is, the debtor must *will to assign*. Instead of willing to assign, the debtor may decide to prefer certain creditors, or to permit his creditors to help themselves through the instrumentality of executions and attachments. If he does not will to assign but undertakes to defraud his creditors, or some of them, equity may treat the fraudulent grantee as a trustee, or the creditors may attach the property, but there is no power in the County Court to declare the transaction an assignment for the benefit of creditors.

All of the decisions to the Supreme Court are reconcilable with the views of the law above expressed.

In Weber v. Mick, 131 Ill. 520, it is said: Said act was passed in 1877, under the following title: "An act concerning voluntary assignments and conferring jurisdiction therein on County Courts." The subject-matter of the act was thus limited to "voluntary assignments," and even if it had contained express provisions attempting to deal with or regulate "involuntary assignments," or any subject other than the one embraced in the title, such provisions would

have been void under section 13, article 4, of the constitution. For the same reason it must be held that every attempt to apply the act, or any of its provisions, by construction, to any subject other than "voluntary assignments, must be wholly unavailing." "Such assignments have always been understood to be instruments voluntarily executed by a failing debtor by which he assigns to some third person, as assignee or trustee, the whole, or sometimes the bulk, of his property, to be by such trustee distributed among the assignor's creditors in satisfaction of their demands."

In this case the Supreme Court quote approvingly from Burrill on Assignments, as follows : "A voluntary assignment for the benefit of creditors implies a trust and contemplates the intervention of a trustee. Assignments directly to creditors, and not upon trust, are not voluntary assignments for the benefit of creditors. Assignments may be made either to the whole body of the creditors or to particular creditors, or they may be of all or a part of the debtor's property; but unless a trust is thereby created by the assignor in favor of creditors, such conveyances are not within the class of instruments known as assignments for the benefit of creditors."

In Walker v. Ross, 150 Ill. 50, it is said : "The mere form of the instrument is, no doubt, immaterial, provided the operation of it is to create a trust in the property conveyed, for the benefit of the creditors. It must be an actual trust, created by operation of the instrument itself. This court has repeatedly said that the statute contemplates no such a thing as a constructive trust." "Appellant Ross did not intend to make an assignment for the benefit of creditors, and never did make it, for the reason that he did intend to make preferences, and he knew he could not do so by such an instrument;" that is, by an assignment under the statute for the benefit of creditors.

The same thought is forcibly expressed in Price v. Laing, 152 Ill. 380, in the following language : "The declaration of trust is as much an essential part of an assignment for

the benefit of creditors as is the conveyance or transfer of the property. It, of course, needs no citation of authorities to show that the title to personal property, goods and chattels, may be transferred by parol and without any writing, and may be proved by oral testimony. The claim and the logic of appellants would lead to this result: that a writing is not essential to establish either the transfer of title or the declaration of trust, and that therefore neither is a prerequisite to a valid assignment for the benefit of creditors, and such an assignment may rest wholly in parol. A result such as this is not in consonance with the common understanding and practice in the mercantile and business community, with the doctrine laid down in the books, with the adjudged cases, or with the evident intent of the legislature, as indicated by the provisions of the act."

But counsel for defendants in error seek to avoid the force of this language by seizing upon the expression " constructive assignment," used afterward in the opinion, and by making a delicate distinction between a *constructive assignment* and a *constructive trust*. The court, indeed, holds that there can be no constructive assignment, say counsel; therefore the property must be conveyed by a written instrument, whether it be real estate or personalty. But the court does not hold that the trust must be expressed; therefore the trust may be proved by parol, and may even be made to arise out of a fraudulent conveyance, by construction of law, when no assignment for the benefit of creditors was contemplated by the parties.

This argument is overthrown by a careful perusal of the opinion of the court. There was, in fact, a written transfer of the title to the property, which was personalty, and the argument of the court was intended to show that the trust could not be shown by parol, but must appear upon the face of the instrument. It makes no difference whether the thing is called tweedledee or tweedledum. In any event the meaning of the opinion is plain, that is to say, that the court can not " construct for the parties an assignment " which the parties have not made for themselves. What is

it, then, that the parties must make for themselves? An assignment simply? No; but an assignment *for the benefit of creditors*. The trust must appear in the instrument itself.

A very recent statement of the law on this question is as follows: "Under the cases cited it is plain that in order to create an assignment, within the meaning of the statute, the property must be conveyed to a trustee or assignee, who is to sell it absolutely, and not on a contingency, and distribute the proceeds among the creditors. The conveyance or assignment must pass the legal and equitable title, with no right of redemption in the debtor. The assignment must be in writing, *and the writing create the trust*, and cut off all equity of redemption." Lumber Co. v. Union National Bank, 159 Ill. 458.

It is said, however, that the case of Farwell v. Cohen, 138 Ill. 216, is an authority against the proposition that an express declaration of trust must appear in the instrument. We deem it unnecessary to enter into an elaborate examination of the Cohen case. It is sufficient to say that the learned justice who wrote the opinion in the Cohen case, afterward wrote the opinion in Price v. Laing, and in the latter case referred to the former as follows: "In Farwell v. Cohen, 138 Ill. 216, a very informal written instrument was held to be a voluntary assignment for the benefit of creditors. *It, however, transferred property and declared a trust.*" Hence, in the opinion of the Supreme Court, there was no conflict between the two cases.

Nor do we imagine for a moment that the Supreme Court have ever intended to intimate, by the use of the expressions *good faith* and *bona fide indebtedness*, in some of the cases above cited, that a conveyance made for the purpose of *defrauding* creditors is a *voluntary* conveyance for the *benefit* of creditors.

The order of the County Court is reversed, with directions to that court to dismiss the petition at the cost of the petitioners.