77 609
179s 102

## George Blackman and The Helvetia Milk Condensing Co. v. Metropolitan Dairy Co. et al.

1. VOLUNTARY ASSIGNMENTS—*At Common Law.*—By the common law a failing debtor had the right, in all cases, to pay, provide for, secure and prefer one or more creditors to the exclusion of any and all others. These rights still exist in full force, in this State, except in so far as they are restricted by the assignment act of 1877.

2. SAME—*Preferences—Under the Laws of Illinois.*—A failing debtor has both the legal and equitable right to pay one or more of his creditors in full to the exclusion of all others. He has the right to sell and turn over, in payment, all his property to one or more of his creditors, or incumber it by mortgage or deed of trust to secure one or more of his creditors. He may pledge all his property or create liens on it, in any form, to secure one or more of his creditors, or confess judgments for as much as all his property is worth, to one or more of his creditors, to secure debts *bona fide* due, and in short he may make any and all dispositions of all of his property to pay or secure one or any number of his creditors, to the exclusion of all others, except that he may not in a general assignment for the benefit of his creditors, provide for the payment of one debt or liability in preference to another.

3. SAME—*Defined.*—A voluntary assignment is an instrument in writing executed by a failing debtor by which he assigns or transfers to some third person, as assignee, the whole or the bulk of his property, to be by such trustee distributed among the assignors' creditors in satisfaction of their demands.

4. SAME—*Requisites of.*—In order to create an assignment within the meaning of the statute, the property must be conveyed to an assignee, who is to sell it absolutely and not on a contingency, and distribute the

proceeds among creditors. The conveyance or assignment must pass the legal and equitable title with no right of redemption in the debtor.

5. SAME—*What is Not.*—A conveyance direct to several creditors whose debts it secures, as well as to a trustee named, providing that the trustee is not to sell it absolutely, but only on a contingency, does not constitute an assignment under the statute forbidding preferences. Such an instrument is in effect a mortgage.

6. SAME—*Constructive Assignments.*—Under the act of 1877, there can be no such thing as a constructive assignment for the benefit of creditors.

**Mortgage Foreclosure.**—Appeal from the Circuit Court of Madison County; the Hon. MARTIN W. SCHAEFFER, Judge, presiding. Heard in this court at the February term, 1898. Reversed and remanded with directions. Opinion filed September 9, 1898.

JOHN G. IRWIN and J. P. STREUBER, attorneys for appellants.

HADLEY & BURTON, attorneys for appellees.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

On the 7th day of May, 1897, Metropolitan Dairy Company, of the city of St. Louis, Mo., duly executed and delivered to George Blackman, Third National Bank of St. Louis and Helvetia Milk Condensing Company, a conveyance of certain merchandise, machinery, fixtures, appliances and outstanding accounts, all in the State of Missouri, and certain real estate in Madison county, Ill., to secure payment to Third National Bank of St. Louis, indebtedness evidenced by two promissory notes, and to secure payment to Helvetia Milk Condensing Company, indebtedness evidenced by one promissory note and two open accounts. The instrument provides that if the grantor shall pay off and discharge the debts therein mentioned with the interest thereon as the same matures, then the conveyance to be void, otherwise to remain in full force and effect, and that Blackman, one of the grantees, shall take immediate possession of all the property conveyed, and proceed to sell the same in bulk or at retail, at public or private sale, as he may deem for the

best interest, and until sold may rent or lease such property; that he shall collect the accounts and apply the proceeds of all moneys received by him as follows:

" First, he shall pay the expenses of the trust, including reasonable compensation for himself. Second, he shall pay all claims which may have preference under the statutes of Missouri. Third, he shall pay and fully satisfy the said debts owing to said Third National Bank as they mature and become payable, or so much thereof as shall not have been paid by the party of the first part. Fourth, he shall pay and satisfy the said note owing to said Helvetia Milk Condensing Company, and next the open account owing said company, as the same mature and is demanded, or so much thereof as shall not have been paid by the party of the first part. If any surplus remains in the hands of the trustee after the above payments are made, the same shall be paid to the party of the first part, its legal representatives or assigns."

The conveyance was drawn and executed in duplicate. Both were originals, and were duly recorded in Missouri May 7, 1897, and in Illinois May 6, 1897. The property conveyed was all that was owned by the grantor at that time, and the grantor was heavily indebted. The extent of its indebtedness and the number and location of its creditors are not fully disclosed. Of the two sought to be secured by the conveyance, one—Third National Bank of St. Louis—is a citizen of Missouri, and the other—Helvetia Milk Condensing Company—is a citizen of Illinois.

In pursuance of the terms of the conveyance Blackman took possession of the property, converted all of it, except the real estate in Illinois, into money, realizing enough to pay all that the instrument provided for except Helvetia Milk Condensing Company.

After the recording of the conveyance certain creditors of the grantor, residing in Illinois, commenced attachment proceedings against the grantor, and levied on the real estate, but appellants were not made parties.

All the property having been converted into money,

except the Illinois real estate, and all the debts secured by the conveyance having been satisfied, except the debt due to Helvetia Milk Condensing Company, appellants—treating said instrument, so far as it related to the real estate in Illinois, as a trust deed or other conveyance in the nature of a mortgage containing power of sale, and as falling within the provisions of section twenty-two of chapter ninety-five, Revised Statutes of Illinois, which requires such instruments to be foreclosed, same as mortgages containing no power of sale—on the 18th day of August, 1897, filed their bill in the Madison Circuit Court to foreclose said instrument for the satisfaction of the debts secured to Helvetia Milk Condensing Company, and made the grantor and all the grantor's attaching creditors parties defendant.

The attaching creditors answered the bill, setting up their attachments, charging certain frauds not supported by the evidence and therefore not material here to note, and averring that the conveyance is an assignment for the benefit of creditors, under the laws of the State of Illinois; that the provisions in said instrument securing Third National Bank and Helvetia Milk Condensing Company, constitute a preference of these creditors, and are therefore void and of no effect.

Upon final hearing the Circuit Court held and decreed the conveyance to be, in effect, a deed of assignment for benefit of creditors, appointed a receiver, ordered sale of the real estate, and that all the creditors of the grantor who resided in the State of Illinois at the date of the making of the conveyance shall share equally and without preference.

Appellants bring the case to this court, but both appellants and all the appellees, except the grantor, assign errors.

Appellants contend that the instrument is a mortgage and not an assignment, nor in effect an assignment, and that the court erred in not granting a decree of foreclosure.

Appellees contend that the instrument is, in effect, an assignment, but that it is a foreign assignment, contrary to the laws and public policy of this State, and void as to domestic or other creditors attaching property in this State,

and that the court erred in decreeing that all Illinois cred-
itors should share equally and without preference, and in
not preferring the attaching creditors to all others.

This brings us to a consideration of the instrument and
the effect of the conveyance.   It is not an assignment under
the laws of Missouri, and has not been and is not being admin-
istered there as such.   There is no contest here between
domestic and foreign creditors.   The appellant creditor and
all the appellee creditors are citizens of Illinois.   This is a
contest among domestic creditors for priority of lien, but all
this does not relieve us from the duty of determining
whether the conveyance in question is, in effect, such an
assignment for the benefit of creditors as falls under the
provisions of our statute.   If so, then under Section 13 of
Chapter 10a, Hurd's Statutes, 1895, the provisions in the
instrument securing Helvetia Milk Condensing Company
are provisions for the payment of its debt in preference to
that of the attaching and other creditors, and therefore
void.

In determining the character and effect of the conveyance
as to the Illinois real estate, it must be tested and governed
by the laws of Illinois.   By the common law a failing
debtor had the right, in all cases, to pay, provide for, secure
and prefer one or more creditors to the exclusion of any and
all others.   These rights still exist in full force in this
State, except in so far as they are restricted by the assign-
ment act of 1877.

As the law now stands in this State a failing debtor has
both the legal and equitable right to pay one or more of his
creditors in full, to the exclusion of all others; he has the
right to sell and turn over in payment all his property to
one or more of his creditors, to the exclusion of all others;
he may incumber all his property, by mortgage or deed of
trust, to secure one or more of his creditors, to the exclusion
of all others; he may pledge all his property or create liens
on it, in any form, to secure one or more of his creditors, to
the exclusion of all others; he may confess judgments, for
as much as all his property is worth, to one or more of his

creditors, to secure debts *bona fide* due, to the exclusion of all others; and in short, he may make any and all dispositions of all of his property to pay or secure one or any number of his creditors, to the exclusion of all others, except that he may not, in a general assignment for the benefit of his creditors, " provide for the payment of one debt or liability in preference to another." Walker et al. v. Ross et al., 150 Ill. 50; Farwell et al. v. Nilsson, 133 Ill. 45; Lumber Co. v. Union National Bank, 159 Ill. 458.

The distinction between a mortgage and a general assignment for the benefit of creditors is sharply made in a number of cases collated and discussed in Lumber Co. v. Union National Bank, above cited. The writer of the opinion in that case discusses the principal cases on this subject, and we quote at considerable length. On page 465 of the opinion in that case the court says : " In Weber v. Mick, 131 Ill. 520, in considering the question what constituted an assignment, it was held that a voluntary assignment is an instrument in writing executed by a failing debtor, by which he assigns or transfers to some third person, as assignee, the whole of the bulk of his property, to be by such trustee distributed among the assignor's creditors in satisfaction of their demands. It differs materially from a mere sale in payment of a debt, and also from a pledge of property in the nature of a mortgage. It was also there held that a fundamental distinction between a mortgage and an assignment is, that a mortgage is a mere security for a debt, the equity of redemption remaining in the mortgagor, while an assignment is an absolute application of the property to its payment. It does not create a lien, but passes the legal and equitable title to the property absolutely beyond the control of the assignor. In Walker v. Ross, 150 Ill. 50, * * * it is said : " These cases further hold that there must be an absolute transfer of the whole interest of the assignor, legal and equitable, in the property assigned, in trust for the benefit of creditors, and hence that absolute conveyance made directly to the creditor in payment, or any form of lien so given as security for the payment of a *bona fide* debt,

though having the effect to give him a preference, is not an assignment for the benefit of creditors within the meaning of the statute." See also Farwell v. Nilsson, 133 Ill. 45; Price v. Laing, 152 Ill. 380; Young v. Clapp, 147 Ill. 176. Under the cases cited it is plain that in order to create an assignment within the meaning of the statute the property must be conveyed to a trustee or assignee, who is to sell it absolutely and not on a contingency, and distribute the proceeds among the creditors. The conveyance or assignment must pass the legal and equitable title with no right of redemption in the debtor."

The conveyance in the case before us is direct to the two creditors whose debts it secured, as well as to the trustee named. The trustee is not to sell it absolutely, but only on a contingency. The conveyance does not pass both the legal and equitable title, with no right of defeasance or redemption in the grantor. The condition of defeasance is clearly expressed in the instrument as follows:

" Therefore if the said party of the first part shall well and truly pay off and discharge the several debts above mentioned, and interest thereon, which are now due, upon demand being made therefor, and shall well and truly pay off and discharge the several debts above mentioned and hereafter to mature, when they become due and payable, according to their tenor, then this conveyance shall become void, otherwise to remain in full force and effect."

The transaction is clearly not an actual assignment, and under the act of 1877 there can be no such thing as a constructive assignment for benefit of creditors. Price et al. v. Laing, 152 Ill. 380; Walker et al. v. Ross et al., 150 Ill. 50.

We are of opinion that the transaction in this case does not constitute such an assignment as falls under the statute forbidding preference, but that the instrument is in effect a mortgage; that the learned chancellor who tried the case in the Circuit Court erred in holding the conveyance to be in effect a deed of assignment for the benefit of creditors, under the act of 1877, and in all his orders entered in pursuance of such holding; and in refusing to grant, in favor of

appellants, a decree of foreclosure declaring appellant's debts secured by said instrument to be a first and prior lien, and the debts due to the attaching appellees to be junior and subject thereto.

Appellant's prayer for strict foreclosure ought not to be granted.

"Although in some cases where it appears that the property is of less value than the debt, and the mortgagor is insolvent, and the mortgagee is willing to take the property in discharge of his debt, a strict foreclosure will be allowed, yet it ought not to be granted where there are other incumbrancers or creditors of the mortgagor." Greenemeyer v. Deppe, 6 Ill. App. 490.

Cause reversed and remanded, with directions to the Circuit Court to enter a decree not inconsistent with this opinion.

Reversed and remanded with directions.